BOICE (UNITED STATES v.). See Case No. 14,619.

BOILEAU (LAMBSON v.). See Case No 8,030.

BOIT (DE LOVIO v.). See Case No. 3,776.

BOJORQUES (UNITED STATES v.). See Case No. 14,620.

## Case No. 1,605.

### BOKER et al. v. BRONSON.

[4 Blatchf. 472;[1] 44 Hunt, Mer. Mag. 74.]

Circuit Court, S. D. New York. Oct. 31, 1860.

CUSTOMS DUTIES — INSUFFICIENT APPRAISEMENT — PROTEST — NEW TRIAL — INCOMPLETE TRIAL.

1. A protest against the payment of duties on the ground that "the appraisers had not used or employed sufficient means, or made sufficient examination" of the article, to determine its value, may be sufficient, under the decision in Converse v. Burgess, 18 How. [59 U. S.] 413, as a foundation for proof that the appraisers did not examine samples from the statute number of packages, and did not at all examine either packages or samples, but it offers little information to the collector as to the real ground of the objection.

2. A new trial was granted, on payment of costs, on account of the loss of papers in the custom-house, and because it was doubtful whether the truth of the transaction appeared on the trial, for the want of the proper preparation of the defence.

At law. This was an action [by John G. Boker and others] against [Greene C. Bronson] the collector of the port of New York, to recover back an excess of duties paid under protest on an importation of liquors. At the trial, the plaintiffs had a verdict, and the defendant now moved for a new trial. [Granted.]

Almon W. Griswold, for plaintiffs.

James I. Roosevelt, Dist. Atty., for defendant.

NELSON, Circuit Justice. The principal question in this case is, whether or not the protest is sufficiently explicit, within the requirement of the act of congress of February 26, 1845 (5 Stat. 727). The words of the act are, that, before making payment of the duties, the importer must protest in writing, signed by him or his agent, setting forth "distinctly and specifically the grounds of objection" to the payment of the duties. In Converse v. Burgess, 18 How. [59 U. S.] 413, the following words were held sufficient to raise an objection on the trial that the appraisers had not made the proper examination of the goods from the several packages, as required by the act: "That the goods were not fairly and faithfully examined by the appraisers." In that case, the article imported was sugars from Cuba, and the samples upon which the appraisement was made, had been drawn from the casks, and exposed for some time to the air, and would not afford a true criterion by which to judge of the value of the article. The majority of the judges were of the opinion that the protest was sufficiently specific to cover the objection. In the present case, the question of appraisal arises in regard to an importa-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

tion of liquors, and the objection is that the examination was defective in not examining samples from the statute number of packages, and also that neither packages nor samples were at all examined by the appraisers. The words in the protest, which are claimed to cover the objection, are, that "the appraisers had not used or employed sufficient means, or made sufficient examination of said brandies," to determine their value.

It may be difficult to distinguish this case, so far as the sufficiency of the protest is concerned, from the case above referred to, but the words, in the connection in which they are found, could afford but little information to the collector as to the real ground of the objection. They are found among a mass of objections covering almost every one that can arise under the revenue laws and extending over several sheets of foolscap. Certainly, the collector would be obliged to go over the entire process of carrying goods through the custom-house, in every instance of entry, in order to meet the almost countless objections enumerated in this paper. The protest seems to have been made without reference to any specific objection, but with a view to hit any that might happen in the course of levying the duties. I think that the departure from a strict construction of the act in the case above referred to, has led to this general and indefinite statement of the objections, and that it may be necessary for congress to interpose and correct the abuse.

The trial in this case was embarrassed on account of the loss of the papers in the custom-house, and it is exceedingly doubtful whether the truth of the transaction appeared on the trial, for the want of the proper preparation of the defence. I shall grant a new trial, with a view to enable the government to furnish the proper evidence, if in their power, but it must be on payment of costs.

[NOTE. For denial of motion for judgment on the verdict because of nonpayment of costs, see Case No. 1,606.]